Nancy **WOODLOCK, Plaintiff–Appellee,**

v.

**ORANGE ULSTER B.O.C.E.S. and Jake McHale, in his official capacity, and individual capacity as an aider and abettor, Defendants–Appellants,**

**Robert J. Hanna and Nancy Tambini, in her official capacity, and individual capacity as an aider and abettor, Defendants.**

No. 06–3412–cv.

United States Court of Appeals, Second Circuit.

June 17, 2008.

Anna Ervolina, Morris Duffy Alonso & Faley, New York, NY, for Appellant.

On submission, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Jack McHale appeals an order of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge* ) denying his motion for summary judgment and holding, *inter alia,* that he is not entitled to qualified immunity from suit under 42 U.S.C. § 1983 for First Amendment retaliation. We assume the familiarity of the parties and counsel with the facts, the prior proceedings, and the order of the district court.

Contrary to the usual rule, the denial of a motion for summary judgment based on a claim of qualified immunity is, at least to the extent the immunity claim presents a "purely legal question," appealable on an interlocutory basis. *See Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We review de novo a defendant's legal challenge to a district court's qualified immunity ruling. *See Jones v. Parmley,* 465 F.3d 46, 55 (2d Cir.2006). In so doing, we accept "the facts as alleged by the plaintiff." *Skehan v. Vill. of Mamaroneck,* 465 F.3d 96, 104 (2d Cir.2006).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In determining whether a defendant is entitled to qualified immunity, we engage in a two-step analysis. The "threshold inquiry ... is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see also Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If they do not, "there is no necessity for further inquiries concerning qualified immunity." *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. However, "if a [con-

stitutional] violation could be made out on a favorable view of the [plaintiff's] submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* "If the right at issue was not clearly established ... then qualified immunity shields the defendant." *Walczyk v. Rio,* 496 F.3d 139, 154 (2d Cir.2007).

In the instant case, the plaintiff's allegations taken as true do not establish a constitutional violation. In order to establish a First Amendment retaliation claim, an employee must prove that: "(1) [she] engaged in constitutionally protected speech ...; (2)[she] suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." *Skehan,* 465 F.3d at 106. In determining whether a public employee has engaged in constitutionally protected speech, this court must first determine "whether the employee spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos,* 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). "If the answer is no, the employee has no First Amendment cause of action based upon his or her employer's reaction to the speech." *Id.*

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421, 126 S.Ct. 1951. Woodlock's communications regarding M.C. and the lack of physical education and art classes at the Cornwall satellite were made pursuant to her "official duties" as a special education counselor, in which capacity she was responsible for monitoring her students' behavior, needs, and progress. *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir.2008). In reporting her concerns she was "perform[ing] the tasks [s]he was paid to perform." *Garcetti,* 547 U.S. at 422, 126 S.Ct. 1951. In such circumstances, an employee is not engaging in protected speech and cannot proceed on a First Amendment retaliation claim. *See Ruotolo,* 514 F.3d at 187–88. Accordingly, because Woodlock cannot demonstrate that constructive termination on account of her complaints would constitute a violation of her constitutional rights, "there is no necessity for further inquir[y] concerning [McHale's] qualified immunity." *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151.

For the foregoing reasons, the decision and order of the district court is hereby REVERSED and REMANDED with instructions to the court to dismiss the action.